# DANTE *v.* HUTCHINS.

EQUITY; TRUST; AUTHORIZING PURCHASE; OF LAND.

An equity court has jurisdiction to authorize a trustee to purchase a part of the ground under a business block belonging to the estate, where this had been held under a long-term lease recently expired, and was surrounded on three sides by land belonging in fee to the estate, and could not be segregated without cutting out of the building a considerable section of it at great expense and with great impairment of the building and of the entire block, where the lease cannot be renewed on terms more advantageous to the estate than to purchase the land. (Citing *Dante* v. *Hutchins,* 44 App. D. C. 86.)

No. 3138. Submitted March 5, 1918. Decided May 6, 1918.

HEARING on an appeal by the petitioner from a decree of the Supreme Court of the District of Columbia denying a petition by the trustee of an estate to purchase certain land.

*Reversed.*

The COURT in the opinion stated the facts as follows:

William J. Dante, trustee, for many years past has had the control and management of the property belonging to the estate of Stilson Hutchins under a deed of trust executed by Hutchins and appellee, his wife, March 7, 1910. Hutchins died April 21, 1912.

By the terms of the deed, all the property of Hutchins, real,

personal, and mixed, was transferred to Dante as trustee, with power to do every act and thing necessary for its care, maintenance, and preservation. The trustee was directed to convey the property on the death of Hutchins to the executors named in his will. Probate of the will is now contested; and there is no one as yet authorized to receive the property, which is still being managed by the trustee under the directions of the court. For a full statement of the terms of the trust and the authority of Dante thereunder, reference may be had to the opinion of this court in *Hutchins* v. *Dante,* 40 App. D. C. 262.

*Mr. George E. Sullivan* for the appellant.

*Mr. John C. Gittings* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The present case, briefly stated, involves the jurisdiction of the equity court to authorize the trustee to purchase certain real estate. It appears that, included in the estate, is what is known as the Hutchins Building, situated on D street, this city. A portion of the ground on which the building, a business block, was erected is owned by the estate, while the remainder of the land was held under a long-term lease, which has recently expired. The present application is by the trustee to the equity court for permission to purchase the land heretofore leased. It is urged that the estate can be better conserved by the purchase than by attempting to segregate the portion of the building standing upon the leased land from the portion owned by the estate in fee. Such a separation would forfeit and lose to the estate the portion of the building standing upon the leased ground.

The justice below, denying the petition, stated that he deemed "the proposed purchase to be beyond the court's jurisdiction for conservation, though wise as a business proposition." The sole question here is whether the equity court has power to authorize the purchase of this land for the purpose of properly conserving the estate. We are of opinion that it has. The

power to conserve implies the power to do those things essential to preserve the estate from loss. We are dealing here with a business block constructed for use as an entity. The portion owned in fee by the estate surrounds the leasehold on three sides. To segregate the property would mean to cut out of the building a section 22 by 40 feet fronting 22 feet on D street. Not only would there be much expense in effecting the segregation, but it would greatly impair the value of the entire block, of which the leasehold forms but a small fraction.

In *Dante* v. *Hutchins,* 44 App. D. C. 86, we held it to be within the power of the equity court to authorize the renewal of a mortgage on real estate to prevent foreclosure, and we think the terms of the trust are sufficiently broad to justify the decree here sought by the trustee. In that case the court, speaking through Mr. Justice Robb, said: "To rule otherwise would be to sacrifice substance to form. The power of the court to authorize the renewal of the encumbrance necessarily carries with it power to meet any situation naturally arising from it, to the end that the estate may not be jeopardized or lost. * * * We here are dealing with a solvent estate, the realty being in possession of the trustee under the supervision of the equity court. It is the duty of that court, and we think its powers are ample, to preserve this realty while under its supervision; and we think it may grant the prayers of this petition without in any way prejudicing the rights of any of the parties. When the time comes for the final settlement of the whole estate, those rights may be adjusted."

It, however, does not appear from the record that the lease cannot be renewed. If this can be accomplished, it may appear to the court below that the interests of the estate can be best preserved by a renewal of the lease. But if this cannot be done, or be done on such terms as in the judgment of the court would be more advantageous to the estate than to purchase the land, the court has full power to decree authority to purchase.

The decree is reversed, with costs, and the cause is remanded for a proper decree.                    *Reversed and remanded.*